**John J. OBITKO, Plaintiff,**

**v.**

**OHIO BARGE LINE, INC., Defendant.**

**Civ. A. No. 82–1856.**

United States District Court,
W.D. Pennsylvania.

Jan. 10, 1986.

John M. Golden, Thomas J. Cordaro, Pittsburgh, Pa., for plaintiff.

Anthony J. Polito, Leonard Fornella, Corcoran, Hardesty, Ewart, Whyte & Polito, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

DIAMOND, District Judge.

Plaintiff, John J. Obitko, commenced this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* and the Pennsylvania Human Relations Act, 43 Pa.S.A. § 951 *et seq.* Presently before the court is the defendant's motion for summary judgment which for the reasons set forth below will be denied.

### I. BACKGROUND.

The following facts are stipulated by the parties in a pretrial stipulation. Plaintiff, John J. Obitko, was first hired by defendant, Ohio Barge Line, Inc., ("OBL"), on April 22, 1952; Obitko continued to work for OBL until it suspended Obitko from his job as a fleet watchman on December 20, 1980, and terminated his employment on January 5, 1981. Obitko was 57 years of age when he was terminated from his employment with the defendant. OBL filled the position of fleet watchman which previously had been held by the plaintiff with George Harden, age 58.

In September, 1982, plaintiff filed a complaint under the ADEA and the Pennsylvania Human Relations Act wherein he alleges that his discharge from OBL's employment was "wrongful, willful and in bad faith." In support of these allegations, the plaintiff asserts that: (1) he was discharged because of his age; (2) he was discharged prior to complete vesting of his pension benefits; (3) his discharge was a breach of his employment relationship with the defendant and did not comport with the reasonable expectations of the parties; and (4) OBL made no attempt to investigate allegations which were made against the plaintiff prior to his discharge.

Defendant maintains that it is entitled to summary judgment because the plaintiff has failed to demonstrate that he can produce sufficient evidence to establish a *prima facie* case of age discrimination under the ADEA. Specifically, defendant contends that while a *prima facie* case is not necessarily foreclosed when an employee is replaced by an older individual, replacement by an older employee creates an inference of non-discrimination; to overcome this inference the plaintiff must point to some other highly probative evidence of age discrimination to succeed. In this regard, the defendant asserts that the plaintiff has failed to produce any persuasive or probative evidence which can overcome the inference of non-discrimination created by the fact that he was replaced by an older person.

### II. APPLICABLE LAW.

In a motion for summary judgment, the moving party must demonstrate that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must determine whether the record indicates any issues of material fact, assume the resolution of any issue in favor of the non-movant and determine whether the movant is entitled to judgment as a matter of law. *First Jersey National Bank v. Dome Petroleum Ltd.,* 723 F.2d 335 (3d Cir.1983). *See, e.g., Hollinger v. Wagner Mining Equipment Co.,* 667 F.2d 402, 405 (3d Cir.1981).

In order to dispose of the defendant's motion for summary judgment, we must determine what the elements of a *prima facie* case and the proper allocation of the burden of proof are in cases brought under the ADEA. Our inquiry begins with *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), wherein the Supreme Court stated that in order to establish a *prima facie* case of disparate treatment under Title VII, the plaintiff must show:

(i) that he belongs to a racial minority;

(ii) that he applied and was qualified for

a job for which the employer was seeking applicants; (iii) that despite his qualifications he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

*McDonnell Douglas,* at 802, 93 S.Ct. at 1824.

Although these guidelines arose in a Title VII case, they have been deemed applicable to cases arising under the ADEA. *See, Smithers v. Bailar,* 629 F.2d 892, 894 (3d Cir.1980). Indeed, in *Loeb v. Textron, Inc.,* 600 F.2d 1003 (1st Cir.1979), the First Circuit adapted *McDonnell Douglas* to cases where the plaintiff alleges that his employer's decision to discharge him was motivated by age discrimination. In this type of case, the plaintiff must prove the following four elements to establish a *prima facie* case of age discrimination:

1. That he was in the protected age group; i.e., between 40 and 70;

2. That he was performing his job at a level that met his employer's legitimate expectations;

3. That he nevertheless, was fired; and,

4. That after his discharge the position remained open and was filled by someone with similar qualifications.

*Loeb,* at 1013.

In the proof cycle in an employment discrimination case, making this type of *prima facie* showing is the first step in the proof of the ultimate issue of intentional discrimination. *Whack v. Peabody & Wind Engineering Co.,* 595 F.2d 190, 193 (3d Cir.1979).

■ After a plaintiff has established a *prima facie* case of age discrimination; i.e., produced evidence sufficient to raise the rebuttal presumption of unlawful discrimination, the burden shifts to the defendant to come forward and articulate "some legitimate, non-discriminatory reason for the employee's rejection." *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089,

1093, 67 L.Ed.2d 207 (1981). If the defendant sufficiently articulates a non-discriminatory reason for the employee's discharge, "the ultimate burden remains with the plaintiff to prove to the trier of fact that the defendant intentionally discriminated against the plaintiff." *Duffy v. Wheeling Pittsburgh Steel Corp.,* 738 F.2d 1393, 1395 (3d Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 592, 83 L.Ed.2d 702 (1984).

We recognize that in *Furnco Construction Corp. v. Waters,* 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978), the Supreme Court cautioned "that the *McDonnell Douglas* methodology should never be applied in a 'rigid, mechanized, ritualistic' manner." *Id.* at 577, 98 S.Ct. at 2949. Indeed, in *Furnco, supra,* the Supreme Court explained that:

It is merely a sensible, orderly way to evaluate the evidence in light of common experience as it bears on the critical question of discrimination. A prima facie case under *McDonnell Douglas* raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors....

To dispel the adverse inference from a prima facie showing under *McDonnell Douglas,* the employer need only "articulate a legitimate, nondiscriminatory reason for the employee's rejection." *Citing, McDonnell Douglas.*

*Furnco,* at 577–578, 98 S.Ct. at 2950–51.

A. Plaintiff's *Prima Facie* Case.

Plaintiff contends that he has developed by deposition and answers to interrogatories a *prima facie* case sufficient to withstand defendant's motion for summary judgment. It appears to be undisputed that plaintiff has established the first three factors outlined in *Loeb v. Textron, supra,* —1) that he was within the protected age group—he was 57 years old; 2) that he was qualified for the position he held; and 3) that he was involuntarily discharged. *See, Loeb,* at 1013.

However, it is the fourth requirement that provides the basis for the defendant's motion for summary judgment. OBL does not deny that after Obitko's termination OBL replaced the plaintiff with someone of similar qualifications. OBL, however, would have this court read into the *McDonnell Douglas* standard an implicit requirement that a plaintiff be replaced by a person younger than the plaintiff. In *Maxfield v. Sinclair International*, 766 F.2d 788 (3d Cir.1985), the Third Circuit addressed what was required to satisfy the fourth element of the *McDonnell Douglas* standard. Judge Sloviter, writing the opinion of the Court, stated:

> In *Elliott v. Group Medical & Surgical Service*, 714 F.2d 556, 562 (5th Cir. 1983), *cert. denied*, 467 U.S. 1215, 104 S.Ct. 2658, 81 L.Ed.2d 364 (1984), the Court [sic] that the fourth element of the *McDonnell Douglas* test could be satisfied by proof of either replacement by someone outside the protected class or by someone younger *or by other proof that the discharge was because of age.* That court had earlier recognized that age, unlike race or gender, is not an immutable characteristic, and that the realities of the workplace may demand that the replacement be experienced, thereby increasing the risk that the replacement might be over 40. *McCorstin v. United States Steel Corp.*, 621 F.2d 749, 753–54 (5th Cir.1980).…
>
> The probative value of the age of the replacement as evidence of discrimination will depend on the circumstances of the case. Although replacement by someone younger, without more, will not give rise to an inference of age discrimination, it has been noted that a substantial difference in the ages may be circumstantial evidence that gives rise to that inference. (citations omitted).

*Maxfield*, at 792. (emphasis supplied).

 Because *Furnco, supra,* and *Maxfield, supra,* reject the concept of a rigid *prima facie* formula under the ADEA, we conclude that although the *McDonnell Douglas* standard provides an appropriate starting point for the analysis of an age discrimination case, it cannot be viewed as establishing *per se* rules that all plaintiffs must meet.

. Having rejected the application of a rigid *prima facie* test with respect to Obitko's replacement, we must address OBL's other contention that, even assuming that a *prima facie* case under the ADEA is not necessarily foreclosed when an employee is replaced by an older individual, the plaintiff has failed to produce any evidence which can overcome the inference of non-discrimination created by the fact that he was replaced by an older person.[1]

However, we note the following excerpts from the deposition testimony of Obitko wherein he alleges that age was a factor in the defendant's decision to terminate his employment:

Q What was the nature of the harassment? Was it harassment because of your age?

A Well, he was always riding me, telling me about my age and that, yeah . . .

Q What sort of comments would he make?

A He said: You're an old man. He said—and he told me plain right down on the landing boat: You'd do me a favor if you quit. I said: No, I'm not going to quit for nobody.

Q Did he say: You would do me a favor if you would quit because you're too old?

A He said I'm getting to be an old man, and he said that . . . [t]here's a new regime in down there. And he said: It's altogether different. I said: I know it is. I can't see—I can read

1. Defendant cites *Loeb v. Textron, Inc., supra,* wherein the First Circuit noted that while replacement by someone older would suggest no age discrimination it would also not disprove it conclusively. Indeed, by way of example, the court suggested that an older replacement could be hired to ward off a threatened discrimination suit. *Loeb* at 1014 n. 9. In the case *sub judice,* defendant alleges that the plaintiff has made no such allegation here.

between the lines of what was going on ...

Q Are you saying the new regime wants younger people?

A Well, I don't know whether they wanted younger people. I guess they did from the way it was told, harassing me. It looked like they wanted younger people in down there.

Q What attempts did they make to put younger people in?

A Well, I don't know.

Q Do you have any evidence that they made any attempts to put younger people in?

A They put other people on the jobs down there.

Q I said younger people, not other.

A Younger fellows were hired.

Obitko's deposition at pp. 19, 20 and 21.

Q What indications do you have, or from what can one infer the company's motive and intent in discharging you was to discriminate on the basis of age?

A I don't know; to me it looks like from the way [plaintiff's supervisor] would harass me about my age or that. I figured they wanted to get rid of me.

Obitko's deposition at p. 40.

We believe that under the *Loeb* standard, these allegations, if substantiated by proof at trial, establish a *prima facie* case of age discrimination. The plaintiff has shown sufficient evidence which indicates that age could have been a factor in the defendant's decision to terminate the plaintiff.

Although the plaintiff did not specifically cite to Obitko's deposition, we note that in *In re Japanese Electronic Products*, 723 F.2d 238 (3d Cir.1983), the Court recognized that either party can rely in a Rule 56 proceeding on the contents of the entire record. *In re Japanese Electronic Products*, at 259. And, since the plaintiff has not submitted any affidavits or cited to any other deposition, we assume that he is relying on the statements made in his deposition. Accordingly, if "there is any evidence in the record from any source from which a reasonable inference in the respondent's favor may be drawn, the moving party simply cannot obtain a summary judgment, no matter how many affidavits are filed. *E.g., Coastal States Gas Corp. v. Department of Energy*, 644 F.2d 969, 979 (3rd Cir.1981). The 'burden' then is insurmountable." *In re Japanese Electronic Products*, at 258.

For all the reasons set forth above, OBL's motion for summary judgment will be denied.