Lois J. SAYERS, Plaintiff,

v.

AUTOMATED TRANSPORTATION, INC., d/b/a Budget Rent-A-Car Lax, and Budget Rent-A-Car, Inc., Defendants.

Civ. A. No. 86–697.

United States District Court,
W.D. Pennsylvania.

Oct. 8, 1986.

Daniel Joseph, New Kensington, Pa., for plaintiff.

Robert J. Marino, Pittsburgh, Pa., for defendants.

## OPINION

GERALD J. WEBER, District Judge.

This claim arises out of an alleged assault on April 15, 1984 in Los Angeles, California perpetrated by Charles Robert Powell who is alleged to be the agent, servant and/or employee of defendants. Plaintiff indicates that while she was at the Los Angeles International Airport, she accepted Powell's offer to ride her to the Amfac Hotel, in reliance on the fact that Powell was operating a van in the course of his employment, with the name "Budget-Rent-A-Car" on the outside. Upon arriving at the hotel, Powell is said to have followed plaintiff to her room, assaulted and attempted to rape her.

Defendants have separately moved to dismiss the action and/or to transfer it to the United States District Court for the Southern District of California.

Defendant Automated Transportation, Inc. d/b/a Budget Rent-A-Car Lax asks this court to quash the service of process. In support of this motion, defendant provides an affidavit indicating that it is a California corporation doing business solely in the southern California area, that it has no offices in Pennsylvania, is not licensed to do business in Pennsylvania, and that it does no advertising or business in Pennsylvania. Defendant's affiant further states that defendant is franchised to do business under its trade name by Budget Rent-A-Car of southern California and not by the named co-defendant which is an Illinois corporation. Defendant argues that based on the facts put forth in its affidavit, it is not subject to service of process within the Western District of Pennsylvania. Defendant also moves to transfer the case since all events alleged took place in California, making venue proper in California.

Plaintiff has responded without affidavit presenting the court with nothing more than arguments in a brief. Once jurisdiction has been properly challenged, plaintiff has the burden of coming forward with some evidence to demonstrate that the court has personal jurisdiction over the defendants. *DiCesare-Engler Productions, Inc. v. Mainman,* 81 F.R.D. 703, 705 (1979). Arguments in a brief are not evidence. Plaintiff has not established that defendant is subject to the jurisdiction of this court. However, defendant Automated Transportation's affidavit indicates that it would be subject to service of process in the Southern District of California. Because plaintiff may face statute of limitations problems should we dismiss outright, because there is a proper forum in California, and because plaintiff alternatively urges transfer in lieu of dismissal, this court will order the action against this defendant transferred to the United States District Court in the Southern District of California.

Defendant Budget Rent-A-Car Corporation of Illinois ("Budget") has moved to dismiss on the grounds that plaintiff has failed to state a claim. Budget has filed an affidavit indicating that it is not the franchisor of Automated Transportation and that it has no affiliation whatsoever to this defendant. Further Budget's affiant indi-

cates that it has no franchising rights in the southern California area, and it was not an employer of the individual who assaulted plaintiff in Los Angeles on April 15, 1984. In effect, Budget claims it is the wrong party to sue.

 When, as here, matters outside the pleadings are presented to the court and considered by it, a Rule 12(b)(6) motion shall be treated as one for summary judgment under Rule 56. Plaintiff was given a reasonable opportunity to produce evidentiary materials, but did not do so. Rather plaintiff has argued in its brief that there must be some affiliation based on the name Automated Transport does business under, and therefore Budget is secondarily liable for negligent acts of its affiliate. There is no question that arguments in a brief when faced with affidavits in opposition are insufficient to raise a factual dispute. *See Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981). Since we find that the affidavits of Automated Transportation and Budget both tend to show that the Illinois Budget Corporation is the wrong party for plaintiff to bring suit against, and since plaintiff has produced no evidence in opposition, we find no material factual issue and defendant Budget is entitled to judgment as a matter of law. *See Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### ORDER

NOW this 8 day of October, 1986, in accordance with the accompanying opinion, IT IS ORDERED that:

1. The motion to dismiss of defendant Budget Rent-A-Car Corporation of Illinois is GRANTED and the action is DISMISSED as to this defendant.

2. The motion to transfer of defendant Automated Transportation d/b/a Budget Rent-A-Car Lax is GRANTED, and the case is TRANSFERRED to the United States District Court in the Southern District of California for all further proceedings.